## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CATHERINE M. SLEEZER and | ) | |
| JAMES H. SLEEZER, | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| v. | ) | **Case No. 17-CV-0543-CVE-FHM** |
| | ) | |
| RIFAT PODZIC, | ) | |
| DEF TRANSPORT, LLC, and | ) | |
| PROGRESSIVE NORTHERN | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| **Defendants.** | ) | |

## OPINION AND ORDER

Now before the Court is plaintiffs' Motion to Remand and Brief in Support (Dkt. # 16).

Plaintiffs ask the Court to remand the case to Tulsa County District Court, because the case was not

made removable by receipt of an amended pleading or other paper within 30 days of the date the

notice of removal was filed. Dkt. # 16, at 2. Defendants argue that plaintiffs ignored a court order

requiring them to plead the amount of damages sought with greater specificity, and the case became

removable when plaintiffs failed to respond to a notice filed by defendants to deem that the amount

in controversy exceeds $75,000. Dkt. # 19.

On October 31, 2016, plaintiffs filed this case in Rogers County District Court alleging that

they were injured in an automobile accident that occurred in Tulsa, Oklahoma, and they alleged that

defendant Rifat Podzic was at fault for the accident. Dkt. # 2-3, at 1-2. The petition states that

plaintiffs are seeking damages in excess of $10,000. Id. at 3. Defendants filed a motion to dismiss

for improper venue and, if the case were not dismissed, asked the state court to order plaintiffs to

clarify whether they were seeking damages in excess of $75,000. Dkt. # 2-9, at 1-3. The case was

transferred to Tulsa County District Court, and the Rogers County District Court declined to rule on defendants' request for clarification of plaintiffs' damages. Dkt. # 2-13, at 1-2. After the case was transferred, defendants renewed their request for clarification of the amount in controversy. Dkt. # 2-16, at 1-2. On July 27, 2017, the state court ordered plaintiffs to comply with OKLA. STAT. tit. 12, § 2008 and stayed discovery until plaintiffs complied with the order.[1] Dkt. # 2-21. Plaintiffs did not comply with the state court's order to clarify the amount in controversy, and defendants filed a notice (Dkt. # 2-22) stating that they would deem the amount of controversy in excess of $75,000 if plaintiffs failed to respond to the notice by September 20, 2017. On September 25, 2017, defendants removed the case to this Court on the basis of diversity jurisdiction, and the notice of removal states that the case was removed within 30 days of the date that the amount in controversy was deemed admitted by plaintiffs. Dkt. # 2, at 2. Defendants rely solely on plaintiffs' failure to respond to the notice as the factual basis to show that the amount in controversy exceeds $75,000, and there are no other allegations in the notice of removal concerning the nature and extent of the damages sought by plaintiff.

Removal to federal court is possible for "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28. U.S.C. § 1441(a). District courts have "original jurisdiction of all civil actions where the matter in controversy exceeds . . . $75,000, exclusive of interest and costs, and is between . . . citizens of different [s]tates." 28 U.S.C. § 1332(a). Under § 1332, a party must show that complete diversity of citizenship exists between

---

[1]  In relevant part, the statute requires that "[e]very pleading demanding relief for damages in money in excess of the amount required for diversity jurisdiction . . . shall, without demanding any specific amount of money, set forth only that the amount sought as damages is in excess of the amount required for diversity jurisdiction . . . ." OKLA. STAT. tit. 12, § 2008.A.2.

the adverse parties. <u>Symes v. Harris</u>, 472 F.3d 754, 758 (10th Cir. 2006). The amount in controversy can be established by a plaintiff's allegation that the amount in controversy exceeds $75,000, or the defendant may come forward with evidence of jurisdictional facts supporting a conclusion that the amount in controversy exceeds $75,000. <u>McPhail v. Deere & Co.</u>, 529 F.3d 947, 954 (10th Cir. 2008). Where a defendant chooses to exercise the right of removal, it must file a notice of removal "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . [or] after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b). "[G]iven the limited scope of federal jurisdiction, there is a presumption against removal, and courts must deny such jurisdiction if not affirmatively apparent on the record." <u>Okla. Farm Bureau Mut. Ins. Co. v. JSSJ Corp.</u>, 149 F. App'x 775, 778 (10th Cir. 2005).[2]

Plaintiffs argue that the notice filed by defendants does not qualify as an "other paper" under § 1446(b), because the statute requires that the defendant "receive" a paper from which it can be ascertained that a case has become removable. Dkt. # 16, at 2. Defendants respond that plaintiffs had repeatedly failed to comply with court orders requiring plaintiffs to clearly state whether the amount in controversy exceeds $75,000, and they argue that they reasonably relied on plaintiffs' failure to respond to the notice filed by defendants as an admission that the amount in controversy exceeded $75,000. Dkt. # 19, at 3-5. Under § 1446(b), a defendant's 30 day period to file a notice

---

[2] This and all other unpublished decisions are not precedential, but are cited for their persuasive value. <u>See</u> Fed. R. App. 32.1; 10th Cir. R. 32.1.

of removal begins when the defendant "is able 'to intelligently ascertain removability so that in his petition for removal he can make a simple and short statement of the facts'" supporting removal. Huffman v. Saul Holdings Ltd. Partnership, 194 F.3d 1072, 1078 (10th Cir. 1999) (quoting DeBry v. Transamerica Corp., 601 F.2d 480, 489 (10th Cir. 1979)). The 30 day time period for removal "does not begin until the plaintiff provides the defendant with 'clear and unequivocal notice' that the suit is removable." Paros Properties LLC v. Colorado Casualty Ins. Co., 835 F.3d 1264, 1269 (10th Cir. 2016).

The Court has reviewed the "notice" filed by defendants in state court and finds that defendants could not rely on this document as an "other paper" triggering the 30 day period to file a notice of removal. The notice (Dkt. # 2-22) is not a request for admission or any other type of discovery document, and plaintiffs' failure to respond to the notice cannot be deemed an admission under the discovery rules applicable in Oklahoma state courts. The notice fails to cite any statutory authority that defendants were permitted to file such a notice or that plaintiffs had a legal obligation to respond to the notice. Defendants have not shown that plaintiffs' failure to respond to the notice had any legal effect as a matter of Oklahoma law. It is apparent that defendants were frustrated with the conduct of plaintiffs' counsel, but defendants had remedies available to them in the state court other than filing a non-binding notice. Defendants could have asked the state court to enforce its own order directing plaintiffs to file an amended pleading, or they could have filed a motion to deem the amount in controversy admitted. Instead of seeking relief from the state court, defendants filed a notice cannot be treated as an "other paper" triggering defendants' 30 day period to file a notice of removal, and defendants prematurely removed the case to federal court.

The Court finds that plaintiffs' motion to remand should be granted, because defendants have not shown that the notice of removal was filed within 30 days of an event giving them unequivocal notice that the suit had become removable. The Court notes that it has been more than one year since the case was filed in state court, and ordinarily a case cannot be removed to federal court on the basis of diversity jurisdiction more than one year after it was commenced. 28 U.S.C. § 1446(c)(1). However, plaintiffs' counsel has a documented history of purposefully avoiding pleading the amount in controversy for the apparent purpose of defeating federal jurisdiction. Partin v. Marmic Fire & Safety Co., Inc., 2017 WL 2931401 (N.D. Okla. July 10, 2017); Aulestia v. Nutek Disposables, Inc., 2015 Wl 632073 (N.D. Okla. Feb. 13, 2015); McCrary v. Country Mutl. Ins. Co., 2013 WL 5973801 (N.D. Okla. Nov. 11, 2013). Even though it has been more than one year since the case was filed, defendants may still be able to remove the case to federal court if they receive clarification that the amount in controversy exceeds $75,000 and they can show that plaintiffs have "acted in bad faith in order to prevent [defendants] from removing the action." 28 U.S.C. § 1446(c)(1).

**IT IS THEREFORE ORDERED** that plaintiffs' Motion to Remand and Brief in Support (Dkt. # 16) is **granted**, and the Court Clerk is directed to remand this case to Tulsa County District Court.

**DATED** this 5th day of December, 2017.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE